1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                    EASTERN DISTRICT OF CALIFORNIA

8

9   YOGA SINGH,                              No.  1:26-cv-01255-KES-SKO (HC)

10              Petitioner,

11        v.                                 ORDER GRANTING PETITION FOR WRIT
                                             OF HABEAS CORPUS

12   MINGA WOFFORD, Facility Administrator    Doc. 1
     of Mesa Verde Detention Center; SERGIO
13   ALBARRAN, Acting Field Office Director
     of the San Francisco Immigration and
14   Customs Enforcement Office;
     TODD LYONS, Acting Director,
15   Immigration and Customs Enforcement,
     U.S. Department of Homeland Security;
16   KRISTI NOEM, Secretary, U.S. Department
     of Homeland Security; PAMELA BONDI,
17   Attorney General of the United States,

18              Respondents.

19

20

21        Petitioner Yoga Singh is an immigration detainee proceeding with a petition for writ of

22   habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The Court has previously

23   addressed the legal issues raised by claim two of the petition.  *See, e.g.*, *Elmer Joel M. C. v.*

24   *Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025);

25   *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12,

26   2026); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal.

27   Dec. 16, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521

28   (E.D. Cal. Nov. 19, 2025).

                                             1

1    The Court set a briefing schedule on the petition and ordered respondents to show cause as

2    to whether there are any factual or legal issues in this case that distinguish it from the Court's

3    prior orders and that would justify denying the petition.  Doc. 4.  While respondents oppose the

4    petition, they do not identify any distinctions between this case and the Court's prior cases, nor do

5    they raise any new arguments.[1]  *See* Doc. 7 at 1–3.[2]

6    As respondents have not made any new legal arguments and have not identified any

7    factual or legal issues in this case that would distinguish it from the Court's prior decisions in

8    *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal.

9    Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302

10   (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL

11   3648366 (E.D. Cal. Dec. 16, 2025), and *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK

12   (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), the petition for writ of habeas corpus is

13   GRANTED as to claim two, for the reasons addressed in those prior orders.[3]

14   / / /

15

16   [1] Two courts of appeal have addressed whether 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens who have lived in the United States for years without having been admitted.  *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025) (concluding that government was not likely to prevail on the merits that petitioner was subject to mandatory detention under § 1225(b)(2)(A)); *Buenrostro-Mendez v. Bondi*, --- F.4th ---, Nos. 25-20496, 25-40701, 2026 WL 323330 (5th Cir. Feb. 6, 2026) (finding petitioners were subject to mandatory detention under § 1225(b)(2)(A)).  Respondents cite to the *Buenrostro-Mendez* decision.  Doc. 7 at 1.  The Court finds the analysis in *Castañon-Nava* and in the dissent in *Buenrostro-Mendez* to be more persuasive on the statutory interpretation issue.  In any event, the *Buenrostro-Mendez* decision did not address the due process claim at issue in the present case.

17

18

19

20

21

22   [2] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which appears to concern the issue of whether § 1226(a) or § 1225(b) applies to individuals who entered the country without inspection and who were not apprehended by immigration authorities before their detention in 2025.  *See* Doc. 7 at 2.  But here immigration officials did previously encounter petitioner and they released him after implicitly determining that he did not pose a flight risk or a danger, and the issue is whether the Due Process Clause requires a pre-deprivation hearing prior to his *re-detention*.  Given the different circumstances in this case, and the nature of the relief petitioner seeks, the Court declines to hold this case in abeyance pending the *Rodriguez* appeal.

23

24

25

26

27   [3] The Court need not address petitioner's other claim as petitioner is entitled to the relief he seeks based on the Court's ruling on claim two.

28

2

1    Respondents are ORDERED to release petitioner immediately.  Respondents are

2  ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear

3  and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that

4  petitioner is a flight risk or danger to the community such that his physical custody is legally

5  justified.

6    The Clerk of Court is directed to close this case and enter judgment for petitioner.

7

8  IT IS SO ORDERED.

9    Dated:   February 18, 2026

   UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                3